16-2526-cv
Haynes v. Acquino

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of June, two thousand seventeen.

Present:        GUIDO CALABRESI,
                ROSEMARY S. POOLER,
                        *Circuit Judges*.
                EDGARDO RAMOS,[1]
                        *District Judge*.

_____

BRENDA JOYCE HAYNES,

                        *Plaintiff-Appellant*,

                v.                                                          16-2526-cv

MIKE ACQUINO, WILLIAM REZABEK, JASON WHITENIGHTS, BOHDAN PAPISZ, JOHN SULLIVAN, UNKNOWN OFFICERS, UNKNOWN OTHERS,

                        *Defendants-Appellees*.[2]

_____

Appearing for Appellant:        Brenda Joyce Haynes, pro se, Buffalo, NY.

---

[1] Judge Edgardo Ramos, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is respectfully directed to amend the caption as above.

Appearing for Appellees:     Robert E. Quinn, Assistant Corporation Counsel, City of Buffalo, Department of Law, *for* Timothy A. Ball, Corporation Counsel, Office of the Corporation Counsel, City of Buffalo, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Foschio, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of said District Court be and they hereby are **VACATED** and **REMANDED**.

Plaintiff-Appellant Brenda Joyce Haynes, pro se, appeals from the June 28, 2016 judgment, and as relevant here, the June 14, 2016 and September 16, 2015 orders, of the United States District Court for the Western District of New York (Foschio, *M.J.*), affirming the jury's verdict in favor of defendants, granting qualified immunity to the police officer defendants, and granting defendants' motion to limit the permissible uses of a prior city court decision, respectively. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews evidentiary rulings for abuse of discretion. *United States v. Natal*, 849 F.3d 530, 534 (2d Cir. 2017). If a district court abuses its discretion by making an erroneous evidentiary ruling, that error is ordinarily subject to harmless error analysis. *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). "An erroneous ruling on the admissibility of evidence is harmless if the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury." *Id.*

Under Federal Rule of Evidence 401, "[e]vidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. "[T]he definition of relevance under Fed. R. Evid. 401 is very broad." *United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 90 (2d Cir. 2014). "[U]nless an exception applies, all 'relevant evidence is admissible.'" *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) (quoting Fed. R. Evid. 402) (brackets omitted) (emphasizing Rule 401's "very low standard").

Under Federal Rule of Evidence 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "Application of this Rule requires a balancing analysis, and the trial judge has broad discretion to weigh the probative value of the evidence against the negative factors." *Li v. Canarozzi*, 142 F.3d 83, 88 (2d Cir. 1998). "However, the broad discretion afforded to the district court in conducting that balancing is not limitless." *United States v. Morgan*, 786 F.3d 227, 232 (2d Cir. 2015). "Where there was inadequate consideration of the probative value of the evidence, or a failure to adequately consider the risk of unfair prejudice and to balance this risk against probative value, we will reverse an evidentiary determination as an abuse of discretion." *Id.*

In a separate criminal prosecution against Haynes, a Buffalo City Court suppressed evidence based on its determination that Haynes was arrested without probable cause (the "City

2

Court's Decision"). Although the City Court's Decision was later reversed on appeal, the Buffalo City Court again dismissed the charges against Haynes.

After the Buffalo City Court dismissed the criminal prosecution against her, Haynes sued several City of Buffalo police officers (the "Officers"), the City of Buffalo, the Buffalo Police Department, several county departments, and others under 42 U.S.C. § 1983. Haynes alleged principally that she was falsely arrested and subjected to excessive force in violation of her Fourth Amendment rights. At a final pretrial conference, Haynes represented that she intended to offer the City Court's Decision into evidence. She contended that such ruling should have been given collateral estoppel effect with respect to her false arrest claim: specifically, the issue of whether the Officers arrested her without probable cause. Moreover, Haynes argued that even if the City Court's Decision was not preclusive, it was relevant and admissible on that same issue.

In its September 16, 2015 order, the district court rejected Haynes's contentions. First, the district court held that because "Fed. R. Evid. 401 states that only relevant evidence is admissible[,] and as the City Court's Decision has no collateral estoppel effect in this case, it is irrelevant and therefore inadmissible." Decision and Order at 3, Haynes v. Acquino, et al., 10-cv-00355 (W.D.N.Y. Sept. 16, 2015), ECF No. 77. Second, the district court held that, "even if [the City Court's Decision were] relevant, the court finds the prejudicial effect to Defendants of admitting such judicial finding outweighs its potential probative value requiring preclusion under Fed. R. Evid. 403." *Id.* Ultimately, the district court excluded the use of the City Court's Decision to establish that Haynes's arrest lacked probable cause. At trial, consistent with that ruling, the district court admitted the City Court's Decision but redacted its probable cause ruling.

We hold that the district court erred by deeming the City Court's Decision irrelevant and in redacting the probable cause ruling. We hold further that, as a result of that legal error, the district court erred by conducting its Rule 403 balancing analysis without adequately considering the probative effect of the City Court's Decision.

As a preliminary matter, the district court was correct in concluding that the City Court's Decision was not owed any collateral estoppel effect in the instant case. *See Jenkins v. City of New York*, 478 F.3d 76, 85-86 (2d Cir. 2007). That conclusion, however, is not dispositive of the distinct question of whether the City Court's Decision was relevant.

"Under New York law, a false arrest claim requires a plaintiff to show that the defendant intentionally confined him without his consent and without justification." *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016) (internal quotation marks omitted). Moreover, "the existence of probable cause for an arrest is an absolute defense to a false arrest claim." *Id.* (internal quotation marks and brackets omitted). Here, the City Court's Decision—concluding that Haynes was arrested without probable cause—was relevant under Rule 401 because it was probative on the key issue of whether the Officers falsely arrested her. Certainly, the City Court's Decision has a tendency to make it more probable that the Officers arrested Haynes without probable cause. *See United States v. Litvak*, 808 F.3d 160, 179-80 (2d Cir. 2015) ("To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt.").

3

Therefore, the district court erred when it held that the City Court's Decision was irrelevant and excluded its use to establish that Haynes's arrest lacked probable cause.

As a result of that legal error, in conducting its Rule 403 balancing analysis, the district court gave inadequate consideration of the probative value of the City Court's Decision. Under these circumstances, we reverse that evidentiary determination as an abuse of discretion. *See Morgan*, 786 F.3d at 232.

Moreover, the district court's erroneous exclusion of the City Court's Decision was not harmless. In its questionnaire, the jury found, contrary to the City Court's Decision, that there was probable cause for Haynes's arrest. *See* Questionnaire at 1-3, 10-cv-00355 (W.D.N.Y. June 6, 2016), ECF No. 99 ("Questionnaire"). Additionally, the jury in its special interrogatories made factual findings inconsistent with the City Court's Decision. Although the jury might well have reached these same conclusions had the district court admitted an unredacted version of the City Court's Decision, under these circumstances we cannot conclude with fair assurance that such exclusion did not substantially influence the jury in reaching its verdict in favor of the Defendants. *See Mercado*, 573 F.3d at 141. Therefore, both the September 16, 2015 order, which excluded the use of the City Court's Decision to establish that Haynes's arrest lacked probable cause, and the June 28, 2016 judgment, which affirmed the jury verdict against Haynes, are vacated.

Also, in reaching its determination that the Officers were entitled to qualified immunity, the district court relied at least in part on the jury's findings, as evidenced in the special interrogatories. Because the jury's findings were made without the unredacted City Court's Decision, we cannot conclude with fair assurance that the district court's evidentiary error did not also substantially influence the district court's qualified immunity determination. Therefore, the June 14, 2016 order, which granted the Officers qualified immunity, is vacated.

Accordingly, the June 28, 2016 judgment, the June 14, 2016 order, and the September 16, 2015 order of the district court hereby are VACATED and we REMAND to the district court for further proceedings consistent with this order. Finally, we recommend that the district court consider whether the appointment of pro bono counsel for Haynes is appropriate in this matter.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk